# MANDATE

NHCT
00-cv-1927
Goettel

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

FILED

Dec 11   3 42 PM '03

U.S. DISTRICT COURT
N... N. CONN

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the *17th* day of *November* two thousand three.

PRESENT:



> HON. RICHARD J. CARDAMONE,
> HON. SONIA SOTOMAYOR,
> HON. ROBERT A. KATZMANN,
>
> *Circuit Judges.*

UNITED STATES COURT OF APPEALS
FILED
NOV 1 7 2003
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

---

KENNETH FRANCO,

> *Plaintiff-Appellant,*

> v.

YALE UNIVERSITY, JOHN DOES 1-10,
JOHN ELEFTERIADES, GARY KOPF,
RONALD MERRELL, and YALE UNIVERSITY
SCHOOL OF MEDICINE,

> *Defendants-Appellees.*

No. 03-7060

---

For Appellant:          JEFFREY M. DUBAN, New York, NY.

For Appellees:          PATRICK M. NOONAN, Delaney, Zemetis, Donahue, Durham & Noonan, P.C. (Brock T. Dubin, on the brief), Guilford, CT.

ISSUED AS MANDATE: DEC - 8 2003

1    UPON DUE CONSIDERATION of this appeal from a judgment of the United States
2  District Court for the District of Connecticut (Goettel, J.) it is hereby ORDERED, ADJUDGED,
3  AND DECREED that the judgment of the district court is AFFIRMED.

6
7    Plaintiff-appellant Kenneth Franco appeals from a judgment of the United States District
8  Court for the District of Connecticut (Goettel, J.), entered December 4, 2002, granting summary
9  judgment to defendant Yale University and dismissing Franco's claims for breach of contract and
10  breach of the implied covenant of good faith and fair dealing, as well as from the district court's
11  Rule 12(b)(6) dismissal of his claims for constructive discharge and intentional infliction of
12  emotional distress. We review the district court's rulings on a motion to dismiss and on
13  summary judgment *de novo*, drawing all inferences in favor of the non-moving party, *Miller v.*
14  *Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), and for the reasons that follow,
15  we conclude that the motions to dismiss and for summary judgment were properly granted.
16
17    Franco, a cardiothoracic surgeon, was hired as an assistant professor by Yale University
18  School of Medicine in 1988, and after serving two three-year terms, was promoted in 1994 to
19  associate professor, a position that entailed a five-year term of employment. His employment
20  contract, except for the length of his term and his benefits, was never memorialized in any way.
21  In 1995, he was informed that he would not be reappointed at the end of his term in 1999. A year
22  later, the School of Medicine and Yale-New Haven Hospital jointly formed the Cardiothoracic
23  Surgical Associates, P.C. ("CSA"), a private group that became primarily responsible for the
24  Hospital's clinical practice in cardiothoracic surgery. Franco was not made a part of CSA, and
25  alleges that as a result, he was effectively excluded from practice at the Hospital.
26
27    As an initial matter, we note that Franco never clearly articulated the theories of his case
28  to the district court, and continues to obscure them on appeal. The foundation of Franco's
29  contract and tort claims is not immediately discernible from his complaint, and his contract
30  claims remained opaque throughout the litigation. Moreover, his summary judgment
31  submissions were completely devoid of any evidence, consisting mainly of conclusory statements
32  that because his contract claims had survived a motion to dismiss, he was entitled to present them
33  at a trial. No litigant may proceed to trial without ever having informed the court and the
34  opposing parties of the legal theories and evidence supporting his or her claims for relief. *See*
35  Fed. R. Civ. P. 12(b)(6), 56(c).
36
37    Franco argues that the district court erred in granting summary judgment on his claim that
38  Yale breached his employment contract by forming CSA and excluding him from it, contending
39  that he had an "express and/or implied-in-fact" agreement with Yale that governed the terms and
40  conditions of his employment. While it is quite possible that the terms of Franco's employment
41  were governed by an implied contract, *see Gaudio v. Griffin Health Servs. Corp.*, 733 A.2d 197,
42  206-07 (Conn. 1999), Franco failed to produce any evidence whatsoever of what the terms of that
43  contract might be. Franco also asserts that his employment was governed by custom and usage,
44  but has not offered any evidence as to what "custom and usage" entails in his profession.

2

Because Franco bears the burden of proving the terms of his contract, as well as Yale's breach of them, *Bridgeport Pipe Engineering v. DeMatteo*, 268 A.2d 391, 393 (Conn. 1970), his conclusory assertions cannot create an issue of fact precluding summary judgment, *see Conroy v. N.Y. State Dep't of Correctional Servs.*, 333 F.3d 88, 94 (2d Cir. 2003).

Franco also argues that the district court should not have granted summary judgment on his claim that Yale had breached the covenant of good faith and fair dealing that is implied in his employment contract. "The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." *Hoskins v. Titan Value Equities Group, Inc.*, 749 A.2d 1144, 1146 (Conn. 2000) (internal quotation marks omitted). Without any evidence as to the terms of Franco's alleged implied employment contract, it is impossible to discern whether Franco's reasonable expectations arising from the contract were defeated by his exclusion from CSA or his prospective notification that he would not be reappointed. The district court was correct in granting summary judgment on this claim as well.[1]

Franco next challenges the district court's dismissal of his claim for constructive discharge, based on his 1995 notification that he would not be reappointed at the end of his term. It is undisputed, however, that Franco never resigned from his position, but finished his term and was not reappointed in 1999. Because a constructive discharge claim is founded on an employer's intentional creation of a working environment so intolerable that the employee is forced to resign, *Brittell v. Dep't of Corr.*, 717 A.2d 1254, 1270-71 (Conn. 1998), Franco cannot claim that he was constructively discharged in 1995. Moreover, Franco's claim that he was forced to stay at Yale through the end of his term in order to "mitigate damages" simply underscores the deficiencies of his constructive discharge theory, because it indicates that Yale did not "create[] a work environment so hostile" that any reasonable person would have felt compelled to resign. *Id.* at 1270.

Franco next argues that issues of fact should have precluded the district court from granting Yale's motion to dismiss his claim for intentional infliction of emotional distress. Franco claims that Yale's formation of CSA, its prospective decision not to reappoint him, its alleged marginalizing of him, and the allegedly defamatory remarks his colleagues made to potential employers (the specifics of said remarks are never described), all constituted outrageous conduct that inflicted extreme mental distress. The question of whether the conduct alleged by plaintiff is sufficiently outrageous to support a claim for intentional infliction of emotional distress is, in the first instance, a question for the court, *Bell v. Bd. of Educ.*, 739 A.2d 321, 326-27 (Conn. App. Ct. 1999), and here the court correctly found that the alleged conduct did not exceed all bounds of what is tolerated in a decent society. *See, e.g., Petyan v. Ellis*, 510 A.2d

---

[1] Because we find no error in the district court's dismissal of Franco's contract claims, we do not reach its ruling that Franco would be precluded from claiming contract damages based on the diminution of his salary, because of his failure to exhaust his remedies by challenging his salary negotiations through Yale's grievance procedures.

1  1337, 1338, 1342 (Conn. 1986) (holding that allegations of libel did not rise to necessary level of
2  outrageousness).  The district court was therefore correct in dismissing this claim.
3
4          Finally, Franco challenges two of the district court's discovery rulings, denying his
5  motion to compel the production of documents and a privilege log, and granting a protective
6  order against the deposition of David Kessler, the Dean of the Medical School during 1998 and
7  1999.  We review discovery rulings for abuse of discretion, *Cruden v. Bank of New York*, 957
8  F.2d 961, 972 (2d Cir. 1992), and find no such abuse here.  With respect to Franco's motion to
9  compel the production of various documents and a privilege log, the district court, faced with
10 Franco's vagueness about the theories under which he was proceeding, and his failure to
11 articulate the relevance of the documents he sought, did not abuse its discretion by denying the
12 motion.  It also did not abuse its discretion in granting a protective order against the deposition of
13 Dean Kessler.  Franco made no showing as to the need for Kessler's testimony, so as to
14 overcome the fact that he was not employed by Yale when all of the operative events occurred,
15 and had submitted an affidavit attesting to his lack of knowledge.  *See* Fed. R. Civ. P. 26(c)
16 (allowing the court, "for good cause shown," to prevent a deposition in order to "protect a . . .
17 person . . . from annoyance . . . or undue burden or expense").  Thus, neither of the district
18 court's discovery rulings was an abuse of discretion.
19
20         For the foregoing reasons, the judgment of the district court is AFFIRMED.
21
22
23
24
25                                         FOR THE COURT:
26                                         Roseann B. MacKechnie, Clerk
27                                         By:
28
29
30                                         Lucille Carr, Deputy Clerk



4